IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD HOMEOPATHIC COMPANY, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> AMERIPHARMACAL, INC. *et al.*, <br><br> Defendants. | Civil Action No. <br> CV-10-1437 SJO (VBKx) <br><br> CONSENT PERMANENT INJUNCTION <br> AS TO DONALD LIBBY, <br> SANDY LANE, INC., AND <br> WWW.911MEDALERT.COM |

Plaintiffs Standard Homeopathic Company, Inc. and Hyland's Inc. (collectively "Plaintiffs"), having filed their complaint on February 25, 2010, and defendants Donald Libby, Sandy Lane, Inc. and www.911medalert.com (the "MedAlert Defendants") having consented to this Permanent Injunction,

NOW, THEREFORE, upon the consent of the parties hereto,

IT IS ORDERED, ADJUDGED and DECREED that the Permanent Injunction be entered as follows:

1. This Court has jurisdiction of the subject matter of this action and over the MedAlert Defendants.

2. Plaintiffs' CLEARAC trademark described and defined in the Complaint ("CLEARAC Mark") filed in this action, which Complaint is incorporated herein and made a part hereof, is good, valid and enforceable in law.

1  Plaintiffs are the sole proprietor of all right, title and interest in and to the
2  CLEARAC Mark.
3
4      3.    The MedAlert Defendants and their successors, assigns, affiliates,
5  agents, servants, employees and representatives, and all persons, firms and
6  corporations in active concert or participation with the MedAlert Defendants who
7  receive notice hereof, are hereby enjoined and restrained from:
8
9      (a)    advertising, including advertising on the internet, marketing,
10 producing, promoting, offering for sale or selling, distributing or manufacturing or
11 causing to be manufactured the CLEARAC PLUS skin care products that have been
12 advertised at least on www.911medalert.com ("Infringing Products");
13
14     (b)    using in any manner "CLEARAC PLUS," alone or in combination
15 with other word(s) or design(s), or any other names, terms or marks so as to be
16 likely to cause confusion, deception, or mistake on or in connection with the
17 advertising, including advertising on the internet, marketing, producing, promoting,
18 offering for sale or selling, distributing or manufacturing or causing to be
19 manufactured of any product not Plaintiffs' products, or not authorized by Plaintiffs
20
21 to be sold in connection with the CLEARAC Mark;
22     (c)    passing off, inducing or enabling others to sell or pass off, as a product
23 produced by Plaintiffs, the Infringing Products as defined above, or any other
24
25 product that is not produced by Plaintiffs;
26     (d)    engaging in any conduct which tends falsely to represent, or is likely to
27 confuse, mislead, or deceive purchasers, MedAlert Defendants' customers or
28

members of the public to believe that the Infringing Products and the MedAlert Defendants are connected with Plaintiffs or are sponsored, approved or licensed by Plaintiffs or are in some way connected or affiliated with Plaintiffs;

  (e) otherwise unfairly competing with Plaintiffs in any manner;

  (f) destroying any records documenting the manufacture, sale, offering for sale, distribution, promotion, advertising, or receipt of the Infringing Products; and

  (g) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

  4. The MedAlert Defendants shall remove CLEARAC PLUS from their websites and any other internet sites, advertisements, marketing or promotional materials and any other place.

  5. The MedAlert Defendants shall promptly segregate, quarantine and turn over to Plaintiff's counsel any and all Infringing Products that are in or come into the MedAlert Defendants' possession.

  6. The Court shall continue to retain jurisdiction to construe, enforce, or implement the Permanent Injunction upon the application of either party.

| | |
|---|---|
| 1  Dated: | *S. James Otero* (signature) |
| 2 | |
| 3 | |
| 4  May 6, 2010 | _____ |
|    Approved: | United States District Judge |
| 5 | S. James Otero |
| 6 | |
| 7  By:  Standard Homeopathic | |
|    Company Inc. | |
| 8 | |
| 9  _____ | |
|    Name: _____ | By: |
| 10  Title: _____ | |
| 11 | _____ |
| | Donald Libby |
| 12  By: Hyland's, Inc. | |
| 13  _____ | By: Sandy Lane, Inc. |
|    Name: _____ | |
| 14  Title: _____ | _____ |
| 15 | Name: _____ |
| 16 | Title: _____ |
| 17 | By: www.911medalert.com |
| 18 | |
| 19 | _____ |
| | Name: _____ |
| 20 | Title: _____ |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

Approved As To Form:

| _____ | _____ |
|---|---|
| Tambry L. Bradford (SBN 223282) | Todd Lander  (SBN _____) |
| FULBRIGHT & JAWORSKI L.L.P. | Ezra Brutzkus Gubner LLP |
| 555 South Flower Street, 41st Floor | 21650 Oxnard Street, Suite 500 |
| Los Angeles, California  90071 | Woodland Hills, California  91367 |
| Telephone:  (213) 892-9200 | Telephone:  (818) 827-9000 |
| Facsimile:  (213) 892-9494 | Facsimile:  (818) 827-9099 |
| *tbradford@fulbright.com* | *tlander@ebg-law.com* |
| | |
| Mark N. Mutterperl | *Attorneys for Defendants Donald Libby, Sandy Lane, Inc. and www.911medalert.com* |
| Chehrazade Chemcham | |
| Joshua C. Foster | |
| FULBRIGHT & JAWORSKI L.L.P. | |
| 666 Fifth Avenue, 31st Floor | |
| New York, New York  10103-3198 | |
| Telephone:  (212) 318-3000 | |
| Facsimile:  (212) 318-3400 | |
| *mmutterperl@fulbright.com* | |

*Attorneys for Plaintiffs Standard Homeopathic Company Inc. and Hyland's, Inc.*